STEPHEN GLICK (SBN 59404)
sglick@glicklegal.com
M. ANTHONY JENKINS (SBN 171958)
ajenkins@glicklegal.com
LAW OFFICES OF STEPHEN GLICK
1055 Wilshire Boulevard, Suite 1480
Los Angeles, California 90017
Telephone: (213) 387-3400
Fax: (213) 387-7872

Attorney for Plaintiffs/Class Representatives ANTONIO LOPEZ GUTIERREZ and JESUS VASQUEZ, and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO LOPEZ GUTIERREZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ALLIANCE FSS LLC, et al. <br><br> Defendants. | CASE NO: 5:19–cv–00990–CJC–JEM <br><br> **NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEY FEES AND COSTS, AND INCENTIVE AWARDS** <br><br> Date: 11/30/2020 <br> Time: 1:30 p.m. <br> Courtroom: 9B <br><br> Judge: Honorable Cormac J. Carney |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on November 30, at 1:30 p.m. or as soon thereafter as counsel may be heard in Courtroom 9B, the Honorable Cormac J. Carney, United States District Judge, presiding, of the above-entitled court located at 411 West Fourth Street, Santa Ana, CA, 92701-4516, Plaintiffs/Class Representatives Antonio Lopez Gutierrez and Jesus Vasquez ("Plaintiffs"), will and hereby do move

the Court for an order granting final approval of the parties' class action settlement agreement, award of Class Counsel's attorney fees and costs, incentive awards to the Class Representatives and payment of settlement administration costs and expenses.

This motion is made pursuant to Federal Rule of Civil Procedure 23 and is based on this notice and motion, the memorandum of points and authorities and declarations of Stephen Glick, Antonio Lopez Gutierrez and Jesus Vasquez filed herewith, the pleadings, papers, and records on file in this action, and upon such other information as the Court may find it appropriate to consider.

Dated: 11/02/2020

LAW OFFICES OF STEPHEN GLICK
By: /s/ M. Anthony Jenkins
M. Anthony Jenkins
Attorney for Plaintiffs/Class Representatives ANTONIO LOPEZ GUTIERREZ and JESUS VASQUEZ, and the Class

**Table of Contents**

I. INTRODUCTION ..................................................................................................1

II. BACKGROUND ....................................................................................................1

III. ARGUMENT .........................................................................................................3

    A. Final Approval Is Appropriate Because the Settlement Is Fair and Reasonable ....................................................................................................3

        1. Strength of Plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation ................................................4

        2. Amount offered in settlement ............................................................4

        3. Extent of discovery completed, stage of proceedings, and experience and view of counsel .........................................................5

        4. Reaction of class members.................................................................5

    B. Attorney Fees and Costs and Plaintiffs' Incentive Awards.........................6

        1. Attorney fees and costs ......................................................................6

        2. Incentive awards ................................................................................7

IV. CONCLUSION ......................................................................................................8

**Table of Authorities**

**Cases**

*Bellinghausen v. Tractor Supply Co.*,
    306 F.R.D. 245 (N.D. Cal. 2015) ....................................................................... 8

*Craft v. County of San Bernadino*,
    No. EDCV05–00359 SGL, 2008 WL 916965 (C.D.Cal. Apr.1, 2008) .............. 7

*Franklin v. Kaypro Corp.*,
    884 F.2d 1222 (9th Cir. 1989) .......................................................................... 3

*In re Bluetooth Headset Products Liability Litigation*,
    654 F.3d 935 (9th Cir. 2011) ............................................................................ 6

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................................ 5

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ............................................................ 4

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) .......................................................................... 3

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ..................................................................... 6

*Officers for Justice v. Civil Serv. Comm'n*,
    688 F.2d 615 (9th Cir. 1982) ............................................................................ 3

*Radcliffe v. Experian Info. Sols. Inc.*,
    715 F.3d 1157 (9th Cir. 2013) .......................................................................... 8

*Staton v. Boeing Co.*,
    327 F.3d 938 (9th Cir. 2003) ............................................................................ 4

*Vizcaino v. Microsoft Corp.*,
    290 F.3d 1043 (9th Cir. 2002) .......................................................................... 7

## I. INTRODUCTION

Plaintiffs Antonio Lopez Gutierrez and Jesus Vasquez bring this putative class action against Defendants Alliance FSS LLC, Eclipse Business Group, Inc. and Phong John Nguyen on behalf of themselves and all current and former hourly employees that worked for Defendants as painters, cleaners, and/or maintenance workers for wage and hour claims under the FLSA and state law. (Dkt. 21 [Second Amended Complaint, hereinafter "SAC"].) After more than a year of investigation and litigation, the parties reached a $142,500 non-reversionary class action settlement during a full-day mediation. (Dkt. 27-2 [Declaration of Stephen Glick in Support of Preliminary Approval Motion, hereafter "Glick Decl."] ¶3 and Exhibit 1 [hereinafter, "Settlement Agreement"].) On August 18, 2020, the Court granted provisional certification of the class for settlement purposes and preliminarily approved the Settlement Agreement, an attorney fee award of $35,625 and an incentive award of $5,000 to each Plaintiff. (Dkt. 29.) Plaintiffs now move for final approval of the Settlement Agreement, Plaintiffs' counsel's fee and cost award, and Plaintiffs' incentive awards.

## II. BACKGROUND

On November 9, 2018, Plaintiffs filed a Complaint in the Superior Court of the State of California, County of San Bernardino. A First Amended Complaint was filed on April 4, 2019. Defendants filed an Answer and Notice of Removal on May 29, 2019. (Dkt. 1 [Notice of Removal].) The operative Second Amended Complaint was filed on December 11, 2019, and alleges the following causes of action: (1) Failure to Pay Overtime Compensation (2) Failure to Provide Required Meal Periods; (3) Failure to Provide Required Rest Periods (4) Failure to Pay All Earned Wages After Separation;(5) Failure to Provide Accurate Itemized Wage Statements; (6) Unfair Business Practices; and (7) Failure to Pay Overtime Compensation In Violation of The Failure Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. (SAC, *generally*.)

Class Counsel's discovery and investigation included, among other things, multiple meetings and conferences with the Plaintiffs and putative class members; inspection and analysis of over 4,000 pages of documents along with the time and payroll records and data produced by Defendants for the Plaintiffs and other Class Members; review and analysis of class data for damages analyzing; propounding extensive inspection demands and special interrogatories; defending depositions of one of the two Plaintiffs, and preparation for the second Plaintiff's deposition; extensive meet and confers with Defense Counsel over Defendants' discovery responses and document production; assembling data for detailed damages calculations. (Glick Decl. ¶ 5.)

The Settlement Agreement was reached as the result of a full-day mediation on February 11, 2020 with the Honorable Charles (Tim) W. McCoy, Jr. (Ret.). (*Id.* ¶3.) Under the terms of the Settlement Agreement, Defendants will pay $142,500 into a common fund, with up to 33% of that amount going to attorney fees, up to $5,000 awarded in attorney costs, and incentive award of up to $5,000 to each Plaintiff, and up to $9,500 in settlement administration costs, with Defendant separately paying employer payroll taxes that result from the payments to class members. (Settlement Agreement at ¶¶ 1.13, 1.19, .2.1.1-2.1.2, 2.1.4.)

The settlement class is defined as "all persons who worked for Defendants as painters, cleaners, and maintenance workers whose paystubs state that they were paid on an hourly basis in California at any time between November 9, 2014 to the date of preliminary approval (the Class Period)." (*Id.* at ¶ 1.4.) After providing for settlement administrator costs, attorney fees and costs, and Plaintiffs' incentive awards, the remaining money will be distributed to class members on a pro rata basis according to the number of weeks they worked according to Defendants' records. (*Id.* at ¶¶ 1.19, 2.1.7.)

On August 18, 2020, the Court granted preliminary approval of the Settlement Agreement and appointed ILYM Group, Inc. ("ILYM") as the settlement

administrator. (Dkt. 29.) On September 17, 2020, ILYM provided notice to all 163 class members via first-class mail. (Declaration of Makenna Snow of ILYM Group, Inc., In Support of Motion for Final Approval of Class Action Settlement [hereinafter "Snow Decl."] ¶ 7 and Exhibit A.) On September 25, 2020, the Court granted the parties request to send an amended notice to the class that included a Spanish translation and notice of settlement award. (Dkt. 31.) On October 2, 2020, ILYM provided the amended notice to all 163 class members via first-class mail. (Snow Decl. ¶ 9 and Exhibit B.) As of October 30, 2020, there have been four requests for exclusion and no objections. (*Id.* ¶¶ 13, 14.) November 16, 2020 is the deadline to request exclusion or file an objection, and November 23, 2020 is the due date for ILYM's final declaration. (Dkt. 29.) Class members will receive an estimated average gross payment of $520.25. (Snow Decl. ¶ 16.) ILYM's fees and costs to-date and anticipated fees and costs for completion of settlement administration total $9,019.90. (*Id.* ¶ 17 and Exhibit C.)

### III. ARGUMENT

#### A. Final Approval Is Appropriate Because the Settlement Is Fair and Reasonable

The Ninth Circuit has a "strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1238 (9th Cir. 1998) (quoting *Class Plaintiffs v. Seattle*, 995 F.2d 1268, 1276 (9th Cir. 1992); *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("it hardly seems necessary to point out that there is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits.") (citations omitted); *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) ("[V]oluntary conciliation and settlement are the preferred means of dispute resolution. This is especially true in complex class action litigation...").

Federal Rule of Civil Procedure 23 "requires the district court to determine

whether a proposed settlement is fundamentally fair, adequate, and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citation and quotation marks omitted). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Id*. (citation and quotation marks omitted).

### *1. Strength of Plaintiffs' case and the risk, expense, complexity, and likely duration of further litigation*

The class worked on the Fort Irwin base and if the litigation were to proceed the Court may find that the federal enclave preemption applies which would limit this action to an FLSA case which would severely reduce the potential recovery. (Glick Decl. ¶6.) Further litigation on this issue would be costly and unpredictable. The obstacles inherent in continued litigation, when coupled with the risks in obtaining class certification, weigh in favor of granting final approval of the Settlement Agreement. (*See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1041–42 (N.D. Cal. 2008).

### *2. Amount offered in settlement*

The Settlement Agreement affords a substantial recovery for individual class members. The $142,500 settlement amount, less attorneys' fees and costs, Plaintiff's incentive award, and ILYM's administration costs, leaves a net settlement fund of $82,855.10. On average, each class member will receive approximately $520.25. (Snow Decl. ¶ 16.) The amount offered in settlement provides an immediate and tangible benefit to the class members and eliminates the risk that they could receive less than that amount, or nothing at all, if the litigation continued.

4

### 3. *Extent of discovery completed, stage of proceedings, and experience and view of counsel*

The Settlement Agreement is also reasonable in light of the stage of litigation. Where the "parties have sufficient information to make an informed decision about settlement," this factor weighs in favor of approving the settlement. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (internal citation and quotation marks omitted). As demonstrated above, Class Counsel's discovery and investigation included, among other things, multiple meetings and conferences with the Plaintiffs and putative class members; inspection and analysis of over 4,000 pages of documents along with the time and payroll records and data produced by Defendants for the Plaintiffs and other Class Members; review and analysis of class data for damages analyzing; propounding extensive inspection demands and special interrogatories; defending depositions of one of the two Plaintiffs, and preparation for the second Plaintiff's deposition; extensive meet and confers with Defense Counsel over Defendants' discovery responses and document production; assembling data for detailed damages calculations. (Glick Decl. ¶ 5.)

Throughout this litigation, Plaintiffs have been represented by experienced trial and class action attorneys with extensive experience handling wage and hour cases. (*Please see* Declaration of Stephen Glick In Support of Motion for Final Approval etc. [hereinafter "Glick Final Approval Decl."] ¶¶ 2-9.) Since this case was filed, Plaintiff's counsel has conducted extensive investigation and after discovery and a full-day mediation, were able to realistically value Defendants' liability and assess the risk of moving forward with class certification, summary judgment on the federal enclave defense, and potentially trial, and conclude the settlement is in the best interests of the class. (*Id.* ¶ 10.)

### 4. *Reaction of class members*

The notice summarized the Settlement Agreement's principal terms and advised class members how to opt out or object. As of the October 30, 2020, there

are no objectors and only four opt outs. Hence, the reaction of the class has been positive, which weighs in favor of granting final approval. *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.").

### B. Attorney Fees and Costs and Plaintiffs' Incentive Award

#### 1. *Attorney fees and costs*

Plaintiffs' counsel also seeks final approval of an award of attorney fees and costs from the common fund. The Settlement Agreement authorizes class counsel to seek up to $47,025 in attorney fees and $5,000 in costs. The Court preliminary approved $35,625 in attorney fees, or 25% of the settlement fund. For the reasons stated below, Plaintiffs' counsel respectfully seeks a fee award from 25% up to 33% (the latter being the sum of $47,025, the amount in the Settlement Agreement), and an award of costs in the amount of $1,977.55.

"Where a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method." *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935, 942 (9th Cir. 2011). "Because the benefit to the class is easily quantified in common-fund settlements, we have allowed courts to award attorneys a percentage of the common fund in lieu of the often more time-consuming task of calculating the lodestar. Applying this calculation method, courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure. *Id.*

Whether the circumstances of the case justify an up or down adjustment, "courts often consider the following factors ...: (1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the complexity of the issues; (6) the risks of non-payment assumed by counsel; (7)

the reaction of the class; and (8) comparison with counsel's l [ode]star." *Craft v. County of San Bernadino,* No. EDCV05–00359 SGL, 2008 WL 916965, *3 (C.D.Cal. Apr.1, 2008) (citing *In re Heritage Bond Litig.,* No. 02–ML–1475 DT, 2005 WL 1594403, * 18 (C.D.Cal. June 10, 2005); *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002).

"Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award." *Vizcaino, supra*, 290 F.3d at p. 1050.

Here, Plaintiffs' counsel respectfully submit that all but one of the factors (i.e., complexity of the issues) from *Craft* support approval of a fee award from 25% up to 33% (the latter being the sum of $47,025, the amount in the Settlement Agreement). Each class member will receive over $500 on average. A total of 95.14 attorney hours were expended in litigating this case. (Glick Final Approval Decl. ¶ 11 and Exhibit 1 [attorney billing records].) Plaintiffs have been represented by experienced trial and class action attorneys with extensive experience handling wage and hour cases. (*Id.* ¶¶ 2-9.) This case was taken on a contingency basis. (*Id.* ¶ 12.) To date, there has not been any objection to the settlement. And a comparison with counsel's lodestar fee of $51,965.50, if the Court applies the 25% benchmark, reflects a negative loadstar multiplier. (*Id.* at ¶ 11 and Exhibit 1.)

The hourly rates of $800 for Class Counsel Stephen Glick and $450 for his associate are the standard rates they charge, and are rates that have been approved by this Court and other courts and are well within the range of rates billed by comparable attorneys in this market, and the time spent was reasonable and necessary for the prosecution of this case. (*Id.* ¶¶ 11-15 and Exhibits 1-7.)

Class counsel has incurred $1,977.55 in out-of-pocket expenses to prosecute this case thus far. (*Id.* ¶ 16 and Exhibit 8.)

### 2. Incentive awards

Plaintiffs seek an incentive award of $5,000 each for their time and effort spent

representing the class. Incentive awards are payments to class representatives for their service to the class in bringing the lawsuit. *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013). In the Ninth Circuit, a $5,000 incentive award is "presumptively reasonable." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015). Here, the requested $5,000 award is reasonable in light of the risks and significant time and effort that Plaintiffs have expended. (*Id.* ¶ 17; Declaration of Antonio Lopez Gutierrez; Declaration of Jesus Vasquez.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that final approval of the Settlement Agreement should be granted, and that from the common fund Class Counsel is awarded $47,025 in attorneys' fees and $1,977.55 in costs, Class Representatives Gutierrez and Vasquez each awarded $5,000 for their service as class representatives, and ILYM is awarded $9,019.90 in settlement administration costs.

Dated: 11/02/2020

Respectfully,
LAW OFFICES OF STEPHEN GLICK
By: /s/ M. Anthony Jenkins
    M. Anthony Jenkins
Attorney for Plaintiffs/Class Representatives ANTONIO LOPEZ GUTIERREZ and JESUS VASQUEZ, and the Class

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

 I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 1055 Wilshire Boulevard, Suite 1480, Los Angeles, California 90017.

 On November 2, 2020, I served copies of the following documents:

**NOTICE OF MOTION AND MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEY FEES AND COSTS, AND INCENTIVE AWARDS**

**DECLARATION OF STEPHEN GLICK IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEY FEES AND COSTS, AND INCENTIVE AWARDS**

**DECLARATION OF ANTONIO LOPEZ GUTIERREZ IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTOREY FEES AND COSTS, AND INCENTIVE AWARDS; CERTIFICATE OF TRANSLATION; DECLARACIÓN DE ANTONIO LOPEZ GUTIERREZ**

**DECLARATION OF JESUS VASQUEZ IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTOREY FEES AND COSTS, AND INCENTIVE AWARDS; CERTIFICATE OF TRANSLATION; DECLARACIÓN DE JESUS VASQUEZ**

**DECLARATION OF MAKENNA SNOW OF ILYM GROUP, INC., IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AWARD OF ATTORNEY FEES AND COSTS, AND INCENTIVE AWARDS**

 __X__ (BY ELECTRONIC SERVICE) [EMERGENCY RULE 12] I electronically served the following electronic address(es) with said document and the transmission was reported complete and without error:

   __X__    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

| | |
|---|---|
| Daniel F. Qualls | Daniel.Qualls@lewisbrisbois.com |
| Vi N. Applen | Vi.Applen@lewisbrisbois.com |
| Lewis Brisbois Bisgard & Smith LLP | |
| 633 W. 5th Street Ste. 4000 | |
| Los Angeles, CA 90071 | |

     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this November 2, 2020, at Los Angeles, California.

_____
Elvin Cruz